Gary A. Zipkin, Esq.
GUESS & RUDD P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
E:mail: gzipkin@guessrudd.com

Douglas A. Scullion (CA Bar No. 215339)
(*pro hac vice* application forthcoming)
Anna S. Youssefi (CA Bar No. 260911)
(*pro hac vice* application forthcoming)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198
E-mail: doug.scullion@dentons.com
anna.youssefi@dentons.com

Attorneys for Defendants
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, individually and as successor in interest to JEFFERSON PILOT FINANCIAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARTHA TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEFFERSON PILOT FINANCIAL ) <br> INSURANCE COMPANY, LINCOLN ) <br> NATIONAL LIFE INSURANCE ) <br> COMPANY, and COOK INLET ) <br> TRIBAL COUNSEL, ) <br> ) <br> Defendants. ) <br> _____ ) | United States District Court No. <br> 3:17-cv-_____ <br> <br> Superior Court No. <br> 3AN-16-10501 CI <br> <br> **THE LINCOLN NATIONAL LIFE** <br> **INSURANCE COMPANY'S** <br> **NOTICE OF REMOVAL** |

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 1 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 1 of 9

TO: Martha Taylor
c/o Jeff Barber, Esq.
Barber & Associates, LLC
821 N Street, Suite 103
Anchorage, AK 99501

PLEASE TAKE NOTICE that Defendant The Lincoln National Life Insurance Company ("Lincoln"), individually, and as successor in interest to Jefferson Pilot Financial Insurance Company ("Jefferson Pilot")[1], contemporaneously with the filing of this Notice of Removal, hereby seeks removal of the below-referenced action from the Superior Court of the State of Alaska, Third Judicial District in Anchorage, to the United States District Court, District of Alaska.

The removal is based on 28 U.S.C. sections 1441(a) and 1446(a) and (b), and specifically, on the following grounds:

## PLEADINGS, PROCESS AND ORDERS

1. On or about December 6, 2016, Plaintiff Martha Taylor ("Plaintiff") filed an action in the Superior Court for the State of Alaska, Third Judicial District in Anchorage, entitled *Martha Taylor v. Jefferson Pilot Financial Insurance Company et al.*, Case No. 3AN-16-1050 CI (the "Action"). Plaintiff alleges she was improperly denied death benefits under a life insurance policy issued to her husband and seeks economic damages, emotional distress damages, attorney's fees and punitive damages.

---

[1] Lincoln is the successor in interest to Jefferson Pilot Financial Insurance Company. Jefferson Pilot merged into Lincoln on or about July 2, 2007.

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 2 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 2 of 9

2. Plaintiff claims Lincoln failed to pay death benefits to her under a policy issued by Guarantee Life Insurance Company, one of Lincoln's predecessors in interest. (Complaint "Compl." ¶18.) Guarantee Life Insurance Company merged into Jefferson Pilot, on or about September 1, 2000. Jefferson Pilot merged into Lincoln on or about July 2, 2007. Lincoln is the successor in interest to both Guarantee Life Insurance Company and Jefferson Pilot.

3. Plaintiff further alleges defendants acted negligently in the adjustment or administration of disability benefits provided to Plaintiff's husband (Compl. ¶20) and pursues claims for breach of contract (Compl. ¶21) and bad faith (Compl. ¶21).

4. Plaintiff alleges no facts that could state a cause of action against Cook Inlet Tribal Council ("CITC"), her husband's former employer. CITC did not issue or administer the policy at issue in this lawsuit and is not a party to that contract.

5. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of Plaintiff's Complaint and all process and pleadings with which Lincoln has been served in the Action are attached collectively as Exhibit A.

## TIMELINESS OF REMOVAL

6. Lincoln and Jefferson Pilot were served with the Complaint by certified mail on February 3, 2017.

7. CITC was served with the Complaint by certified mail on February 2, 2017.

8. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is timely filed within thirty (30) days of Lincoln's notice and receipt of Plaintiff's Complaint

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 3 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 3 of 9

## VENUE IS PROPER

9. This action was filed in the Superior Court of the State of Alaska, Third Judicial District in Anchorage, and venue is therefore proper in this Court pursuant to 28 U.S.C. sections 81A, 1391, 1441(a) and 1446.

## JURISDICTION

10. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## FEDERAL QUESTION JURISDICTION

11. Pursuant to 28 U.S.C. section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. Plaintiff alleges she was improperly denied benefits under a life insurance policy and pursues causes of action against Lincoln for negligence, breach of contract and bad faith.

13. Lincoln's predecessor by merger, Guarantee Life Insurance Company, issued the group life insurance policy at issue, Policy No. 000010018860 (the "Life Policy"), to C.I.R.I. Group Trust to fund benefits under the C.I.R.I. Group Trust Health & Welfare Benefit Plan (the "Plan").

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 4 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 4 of 9

14. Lincoln alleges that CITC was a participating employer under the Plan, which was insured by the Life Policy, and is an "employee welfare benefit plan" as that term is defined in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1001 *et. seq.* This action therefore arises under ERISA because Plaintiff seeks damages for breach of contract under the Plan and the Life Policy, and her claims are governed by ERISA.

15. Federal courts have jurisdiction over actions arising under ERISA pursuant to 28 U.S.C. sections 1331 and 1441(a), in that these actions arise under the laws of the United States. ERISA preempts all state law claims for relief.

16. Removal of this action is appropriate under 28 U.S.C. section 1441(a) because jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 1132(e)(1), in that this action presents a federal question under ERISA.

## DIVERSITY JURISDICTION

17. As a separate and distinct basis for removal, this Court has jurisdiction over this case and the Action may be removed because it is a civil action wherein: (1) the total amount in controversy exceeds $75,000; and (2) the action is between citizens of different States. 28 U.S.C. §§1332(a), 1441(b). Here, the total amount in controversy exceeds the $75,000 threshold and complete diversity exists. Although CITC is alleged to be a citizen of Alaska, its citizenship should be ignored because CITC is a fraudulently joined "sham" defendant.

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 5 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 5 of 9

### A. AMOUNT IN CONTROVERSY

18. Plaintiff alleges she has suffered damages in an amount greater than $100,000. (Compl. ¶24.)

19. The total amount in controversy thus exceeds $75,000. 28 U.S.C. §1332(a).

### B. CITIZENSHIP

20. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

21. Plaintiff alleges in her Complaint that she is, and at all relevant times was, a citizen of the State of Alaska. (Compl., ¶1.)

22. Lincoln is and at all relevant times has been a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Radnor, Pennsylvania.

23. Prior to its merger with Lincoln in 2007, Jefferson Pilot was a corporation duly organized and existing under the laws of the State of Nebraska.

24. Plaintiff alleges that CITC is, and at all relevant times was, a citizen of the State of Alaska. CITC's citizenship should be disregarded for purposes of determining

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 6 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 6 of 9

jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441(b) because CITC is a "sham" defendant, added solely to destroy diversity.

25. Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent. *Gasnik v. State Farm Ins. Co.*, 825 F.Supp.245, 247-249 (E.D. Cal. 1992) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *Buntin v. Schlumberger Tech. Corp.*, 2016 U.S. Dist. LEXIS 177314, at *5 (D. Alaska Dec. 22, 2016) (same). Fraudulent joinder occurs when there is no reasonable possibility that a plaintiff can state a cause of action against a nondiverse defendant. *Good v. The Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998); see also *McCabe, supra*, 811 F.2d at 1339 ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.")

26. "The defendant is entitled to present facts beyond the pleadings to show that the joinder is fraudulent." *Buntin v. Schlumberger Tech. Corp.*, 2016 U.S. Dist. LEXIS 177314, at *5-6 (D. Alaska Dec. 22, 2016).

27. Plaintiff fails to allege any facts that could state a cause of action against CITC. In addition, there is no reasonable possibility that Plaintiff can state a cause of action against CITC, her husband's former employer, because CITC neither administered the Life Policy nor is a party to the Life Policy contract. *Buntin*, 2016 U.S. Dist. LEXIS 177314, at *6-8 (co-defendant found fraudulently joined and removal proper where plaintiff could not state a claim for breach of contract against co-defendant, among other

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 7 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 7 of 9

claims, because co-defendant was not a party to the employment contract at issue.)

28.    Lincoln, the only properly joined defendant in this Action, is diverse in citizenship from Plaintiff. Complete diversity therefore exists for purposes of this Court's original jurisdiction and this Notice of Removal. 28 U.S.C. §§1332, 1441(a) and (b).

## CONSENT TO REMOVAL

29.    Pursuant to 28 U.S.C. section 1446(b)(2)(a), all defendants who have been properly joined and served have consented to the removal of this action.

30.    Lincoln is the successor in interest to Jefferson Pilot, which merged into Lincoln on or about July 2, 2007. Lincoln is filing this Notice of Removal individually, and as successor-in-interest to Jefferson Pilot.

31.    Defendant CITC was served with the Complaint on February 2, 2017. CITC, a "sham" defendant, has consented to removal of this action.

## NOTICE TO PLAINTIFF AND SUPERIOR COURT

32.    Upon the filing of this Notice of Removal in the United States District Court for the District of Alaska, and pursuant to 28 U.S.C. section 1446(d), written notice of this filing will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court for the State of Alaska, Third Judicial District in Anchorage.

WHEREFORE, Lincoln requests the above-captioned action pending in the Superior Court for the State of Alaska, Third Judicial District in Anchorage, case number 3AN-16-10501 CI, be removed from that court to this Court.

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 8 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 8 of 9

DATED at Anchorage, Alaska, this 23rd day of February, 2017.

> GUESS & RUDD P.C.
> Attorneys for The Lincoln National Life Insurance Company, individually and as successor in interest to Jefferson Pilot Financial Insurance Company
>
> By: s/ Gary A. Zipkin
> Gary A. Zipkin, AK Bar No. 7505048
> GUESS & RUDD P.C.
> 1029 W. 3rd Avenue, Suite 400
> Anchorage, Alaska 99501
> Phone: (907) 793-2200
> Fax: (907) 793-2299
> gzipkin@guessrudd.com

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of
February, 2017, I mailed a true and correct copy
of the foregoing document to:

Jeff Barber, Esq.
821 N Street, Suite 103
Anchorage, AK 99501

By: /s/ Gary A. Zipkin
F:\DATA\6534\1\Pleadings\01 Notice of Removal.doc

The Lincoln National Life Insurance Company's Notice of Removal
Taylor v. The Lincoln National Life Ins. Co., et al., Case No. 3:17-cv-_____
Page 9 of 9

Case 3:17-cv-00035-HRH   Document 1   Filed 02/23/17   Page 9 of 9