Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

MARTHA TAYLOR,

    Plaintiff,

vs.

LINCOLN NATIONAL LIFE INSURANCE COMPANY, COOK INLET TRIBAL COUNCIL INC. and COOK INLET REGION INC. TRUST

    Defendants,

Case No. 3:17-cv-0035 [HRH]

## **CORRECTED AMENDED COMPLAINT**

Comes now the Plaintiff, Martha Taylor, by and through counsel, and for her Complaint against the Defendants, states and alleges as follows:

## **GENERAL ALLEGATIONS**

1. This is an action for relief, under 29 USC 1132(a)(1 & 3). This Court has subject jurisdiction over the matter pursuant to 29 USC 1001-1461(ERISA) and 28 USC 1331; and personal jurisdiction pursuant to 29 USC 1132(e)(2).

2. Alternatively, this is an action for legal and equitable Relief under common law, if the Court determines that 29 USC 1132(a)(1 or 3) does not apply to the facts of

this case, See *Southern Alaska Carpenters Health and Security Trust Fund,* 177 P.3d 844 (Alaska 2008)(an employer's misrepresentations of coverage were not pre-empted by ERISA)(citing a decision by Judge Sedwick, Alaska US District Court)[1]

3. Martha Taylor was at all times applicable to this complaint and remains, a resident of Alaska. She is also the widow of James Taylor, a former employee of Cook Inlet Tribal Council.

4. Cook Inlet Tribal Council (hereinafter CITC) is an Alaska Corporation doing business in Anchorage Alaska and the former employer of James Taylor. CITC, provides for employee benefits through contributions to Cook Inlet Region Inc. Trust, (hereinafter CIRIT) which purchases group insurance policies to provide Long Term Disability (LTD) Benefits and Life Insurance for Cook Inlet Region Inc and its affiliates, including CITC's employees.

---

[1] And other cases. See 177 P.3d at 851, n. 11, citing *Smith v. Texas Children's Hospital* discussed in the text immediately following this note, *Hobson v. Robinson,* 75 Fed. Appx. 949 (5th Cir.2003) (unpublished) (claim of employee against agent and plan provider for negligent misrepresentation of coverage not preempted); *Wilson v. Zoellner,* 114 F.3d 713, 718 (8th Cir.1997) (employee's suit for misrepresentation of coverage against agent of insurance company not preempted by ERISA even though insurance company could be liable for the agent's misrepresentation: "If Prudential incurs any liability as a result of this suit, it will do so only as the employer of a tortfeasor, and not as a plan fiduciary."); *Smith v. Cohen Benefit Group, Inc.,* 851 F.Supp. 210, 213 (M.D.N.C.1993) (negligent misrepresentation claim by employee not preempted); *Martin v. Pate,* 749 F.Supp. 242, 246 (S.D.Ala.1990), *aff'd sub nom. Martin v. Cont'l Investors,* 934 F.2d 1265 (11th Cir.1991) (fraud-in-inducement claim by non-beneficiary against group health insurer not preempted).

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 2
Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 2 of 11

5. On information and belief, CITC and/or CIRIT are the sponsor and Plan Administrator of group Long Term Disability (LTD) and Life Insurance Plans. Which is a multi-employer plans governed by ERISA statutes and regulations.

6. As the plan administrator, CITC and/or CIRIT decide what benefits will be offered, how to fund the benefits, the language of the plans, choice of insurers, and eligibility of employees to participate in the plans.

7. CITC and/or CIRIT decided to fund LTD and Life Insurance benefits by purchasing group insurance policies to pay for the LTD and Life Insurance benefits and delegated claims administration of those polices to the insurer of those policies.

8. However, CITC remained responsible for advising their past and present employees of changes in their employee benefit plans, employee status, as it affected their eligibility for benefits under the LTD and Life Insurance Plans, including the cessation of premium payments.

9. Jefferson Pilot Financial Insurance Company (hereinafter JPF) was a foreign corporation which sold and administered group disability and life insurance policies sold to CITC/CIRIT to benefit its employees/participants. JPF assumed the role of group insurer of LTD and Life Insurance policies previously issued to

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 3

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 3 of 11

CITC/CIRIT prior to 2000, when the previous insurer, Guarantee Life Insurance Co. merged into JPT in 2000.

10. Lincoln National Insurance Company substituted for JPF as group insurer on the LTD and Life Insurance policies issued to CITC/CIRIT, when it acquired JPF in 2006.

11. Lincoln National Life Insurance Company (hereinafter Lincoln National), is a foreign corporation which acquired JPF and its insurance book of business in March 2006, including the disability and life insurance group policies previously sold by JPF to CITC. By doing so it assumed all of the liabilities of and obligations of JPF regarding the group disability and life insurance policies issued by JPF to CITC and/or CIRIT.

12. Prior to June 11, 1999, James Taylor was employed by CITC as a social services manager. He became disabled from working on 6/11/99 due to back problems.

13. As an employee of CITC James Taylor was a beneficiary of the CITC/CIRIT group disability and life insurance plans.

14. Martha Taylor was the beneficiary of James Taylor's life insurance he obtained through the CITC/CIRIT group life insurance plan.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 4

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 4 of 11

15. James Taylor applied for and was granted Long Term disability (LTD) payments under the CITC/CIRIT Long Term disability plan, which was first administered by JPF and then later by Lincoln National in 1999.

16. Under the terms of the CITC/CIRIT group life insurance policy, James Taylor was entitled to continuing life insurance coverage to age 70, so long as he remained disabled. The benefit was 2-1/2 times annual salary up to $300,000, which was reduced by 35% of the benefit after age 65. His annual salary at the time of disability was ($800 weekly x 52 = 41,600). 2-1/2 times annual salary was $104,000. Because James Taylor died at age 66, his life insurance benefit should have been $67,600. (Exhibit 1)[2]

17. Both JPF and Lincoln National coordinated disability determinations for the CITC/CIRIT group LTD and Life Insurance plans.

18. Despite repeated attempts by JPF and Lincoln National to deny LTD benefits, to Taylor, which Taylor successfully opposed, by providing satisfactory proof of his disability, Taylor received LTD payments from the time of the commencement of

---

[2] The calculations are based on outdated life insurance documents issued prior to 2014. These calculations are subject to change depending on what CITC's group life insurance plan provided for at the time of James Taylor's death. (It is assumed that CITC continued a group life insurance plan through another insurer after Lincoln National's group life policy was cancelled in 2012, as asserted by Lincoln National (Exhibit 2). In such case, either the new insurer assumed liability under the previous life insurance plan for all beneficiaries or Lincoln National continued to be liable to some extent. This will have to be established once CITC life insurance plans for the years 2003-2014 are produced.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 5

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 5 of 11

his LTD benefits, until 5/15/14, when he reached the age of 66, which was the age limit for LTD payments under the LTD plan at that time.

19. Because JPF and Lincoln National coordinated disability determinations for the CITC/CIRIT LTD and Life insurance plans, and advised Taylor of that fact, James Taylor reasonably believed that so long as his LTD benefits continued so would his life insurance coverage.

20. However, unbeknownst to James Taylor, although CITC/CIRIT paid premiums for James Taylor's life insurance to JPF and Lincoln National from 1999 to 2007, in accordance with JPF and Lincoln National's continuing LTD benefit payments to James Taylor, due to their determinations he remained disabled, Lincoln National advised CITC/CIRIT in 2007 that the life insurance payments from 2003 to 2007 were in error and refunded those payments to CITC/CIRIT.

21. James Taylor was not advised of this action, nor given any opportunity to contest or appeal that decision at the time. Nor was he told he was no longer was covered under the CITC/CIRIT group life insurance plan so he could obtain his own coverage.

22. James Taylor died on 12/7/14, still reasonably believing his was still covered under the CITC/CIRIT group life insurance plan, as he so advised his wife, towards the end of his life.

*Flanigan & Bataille*

*1007 W. 3rd Ave.
Suite 206
Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 6

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 6 of 11

23. James Taylor, detrimentally relied on the previous actions of JPT and Lincoln National in finding him disabled and continuing LTD benefits in assuming his life insurance coverage continued.

24. After James Taylor died on 12/7/14, his widow, Martha Taylor applied to Lincoln National for life insurance benefits under the CITC/CIRIT group life insurance plan.

25. Martha Taylor was advised by Lincoln National on 12/19/14 that their policy issued to CITC/CIRIT had terminated in 2012. (Exhibit 2).

26. Martha Taylor, through counsel, on 7/19/16, then wrote to CITC inquiring as to why the life insurance coverage ended in 2012. (Exhibit 3).

27. CITC disclosed in a letter dated 7/29/16, for the first time, that Lincoln National had decided in 2007 that James Taylor's life insurance had cancelled in 2003 because of an preliminary determination by the JPF LTD claims administrator in 2003 that he was not disabled, and had refunded premiums to CITC at that time for the period, 2003-2007, thus affecting a retroactive cancellation of James Taylor's life insurance policy as of 2003. (Exhibit 4).

28. The 2007 decision by Lincoln National was despite the fact that the JPF LTD claims administrator subsequently reversed itself, finding James Taylor was disabled, based on evidence supplied by James Taylor and despite the fact that JPF

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 7

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 7 of 11

LTD and Life Insurance claims administrators coordinated their disability decisions. (so as to avoid conflicting decisions). (Exhibit 5).

29. Martha Taylor, through counsel, then inquired of Lincoln National on 9/22/16, as to its response to the facts stated in the CITC's letter of 7/29/16. (Exhibit 6).

30. Neither Lincoln National nor CITC/CIRIT advised James Taylor of the retroactive cancellation in 2007, so he could appeal that decision, which was jointly made by Lincoln National and CITC/CIRIT, or obtain his own personal life insurance policy.

31. Lincoln National and CITC/CIRIT's failure to advise James Taylor of this change in his life insurance eligibility violated their duty to advise James Taylor of any changes in eligibility or coverage.

32. On 9/27/16, Lincoln National responded in a letter dated 9/27/16, essentially confirming the facts as stated in the CITC letter of 7/29/16, including the statement that the CITC/CIRIT cancelled all policies with Lincoln National in 2012. (Exhibit 7).

33. Although the 9/27/16 Lincoln National letter invited an appeal, an appeal was not undertaken by Martha Taylor's attorney, because it was deemed to be fruitless. In light of the cancellation of the group life insurance policy coverage for Taylor in 2007 retroactive to 2003, and the further cancellation of all Lincoln National

*Flanigan & Bataille*

*1007 W. 3rd Ave.
Suite 206
Anchorage, AK
99501*

*Telephone
(907) 279-9999*

*Facsimile
(907) 258-3804*

Page 8

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 8 of 11

group polices by CITC/CIRIT in 2012, there was no Lincoln National Life Insurance policy coverage in 2014, when James Taylor died to pay the benefits from, because Lincoln National and CITC/CIRIT had agreed to cancel coverage for James Taylor's Life Insurance in 2007 retroactive to 2003, without any notice to James Taylor.

34. Lincoln National must have agreed with the claimant's attorney's determination that an appeal would be fruitless, because although ERISA regulations require a claims administrator to advise the claimant in a denial letter what evidence they need to provide to the claims administrator to perfect their appeal, Lincoln National offered no suggestions as to what evidence would perfect an appeal in regard to Martha Taylor's claim for Life Insurance Benefits.

WHEREFORE Plaintiff prays for an order and judgment in favor of the Plaintiff and against the Defendants as follows:

1. A decision establishing the cancellation of James Taylor's life insurance policy in 2007, retroactive of 2003 was contrary to duties owed by Lincoln National and CITC/CIRIT to James Taylor, under the terms of the CITC/CIRIT life insurance extension plan, the 2003 and 2007 life insurance policies, ERISA statutes and Regulations, and/or at common law,

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

Page 9

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 9 of 11

2. A decision establishing the cancellation of James Taylor's life insurance policy in 2007, retroactive of 2003 was an abuse of discretion, by Lincoln National, and/or CITC/CIRIT.

3. A decision establishing the cancellation of James Taylor's life insurance policy in 2007, retroactive of 2003, without notice to James Taylor, violated duties owed by Lincoln National and CITC/CIRIT to James Taylor, under the terms of the 2003 and 2007 life policies, ERISA statutes and Regulations, and/or at common law.

4. A decision ordering one or more defendants to pay life insurance benefits to Martha Taylor to be determined by way of the life insurance plan terms in effect at the time of James Taylor's death.

5. Costs, Interest and Attorneys fees and other equitable relief as the court deems just.

DATED THIS 20th DAY OF APRIL, 2016.

FLANIGAN & BATAILLE
ATTORNEYS FOR PLAINTIFF

/s/ Michael W. Flanigan
1007 W. 3rd Ave., Ste 206
Anchorage, Alaska, 99517-1014
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: mflanigan@farnorthlaw.com
Alaska Bar No. #7710114

Page 10

Plaintiff's Corrected Amended Complaint
*Taylor v. Jefferson Pilot Financial et al, Case No. 3:17-cv-0035 (HRH)*
Case 3:17-cv-00035-HRH   Document 24   Filed 05/23/17   Page 10 of 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of:
The foregoing was served by electronic
means this 20th day of April, 2017 on:

Jeff Barber

Gary Zipkin

Douglas A. Scullion

_____s/ Michael W. Flanigan_____
Flanigan & Bataille

*Flanigan*
*&*
*Bataille*

*1007 W. 3rd Ave.*
*Suite 206*
*Anchorage, AK*
*99501*

*Telephone*
*(907) 279-9999*

*Facsimile*
*(907) 258-3804*